UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:10-CR-43-R

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.

JOHN NATHANIEL BABB                                                         DEFENDANT

## MEMORANDUM AND ORDER

Defendant John Nathaniel Babb pleaded guilty to and was sentenced in this Court on February 22, 2012, for one count of transporting child pornography and one count of possession of child pornography. He has filed a *pro se* motion to amend judgment (DN 95). He argues that, per the plea deal, his time should have started running from the day of his arrest on his South Carolina bank fraud case. He moves this Court to amend the judgment to reflect his time as having started on August 30, 2009.

The United States opposes an amendment. The United States sets out that Defendant was arrested on or about August 30, 2009, in Kentucky for committing bank fraud in South Carolina. On February 22, 2010, he was sentenced in South Carolina federal court to 33 months in prison. After his arrest, federal investigators in Kentucky discovered child pornography on Defendant's computer. An indictment was filed on April 5, 2010, against Defendant in this Court on one count of transporting child pornography and one count of possession of child pornography. Defendant pleaded guilty pursuant to a plea agreement in this Court on July 19, 2011, and he was sentenced in this Court on February 22, 2012. The United States explains in its response that it agreed to recommend that Defendant's sentence run concurrently with his prior undischarged federal sentence, *i.e.*, the current sentence should run concurrently with whatever

amount of the previous sentence for bank fraud was left to serve at the date of his sentencing for the instant violations. According to the United States, even if Defendant's previous sentence was completed prior to his sentencing in this action that does not alter the plea agreement or the sentence ordered in this case.

The plea agreement in this case provided that the United States would at the time of sentencing "recommend this sentence run concurrent with the defendant's *undischarged* federal sentence as provided by [U.S.S.G.] § 5G1.3." (Emphasis added.) The Judgment in this case states: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 97 months as to each of counts 1 and 2 in the Indictment, which shall be served concurrently, with the sentence of imprisonment the defendant is presently serving in the U.S. District for the District of South Carolina, Case Number 7:09CR-1002-001-HMH."

The Court finds that it has no authority to modify the judgment in this case. As a sister court in this circuit recently stated:

> A court's power to modify a judgment imposing a sentence is strictly limited. Federal Rule of Criminal Procedure 35(a) permits correction of technical errors in a sentence, but only if the court acts within seven days from the entry of judgment. Federal Rule of Criminal Procedure 36, which contains no time limit, only permits correction of clerical mistakes in judgments. The only statute that authorizes a federal judge to modify a sentence because of a change of circumstance, i.e., 18 U.S.C. § 3582(c), is inapplicable here. Furthermore, any complaint about the manner of execution of a sentence by the BOP must be exhausted through the BOP's administrative remedy procedure, *see* 28 C.F.R. §§ 542.10 *et. seq.*, and then addressed by way of a § 2241 motion, *see Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

*Silvers v. United States*, Nos. 1:09-cv-134, 1:02-cr-43, 2010 WL 1491955, at *1 (E.D. Tenn.

Apr. 14, 2010). Moreover, even if the Court had the authority to do so, the Court finds no reason for a modification. Accordingly,

**IT IS ORDERED** that Defendant's motion (DN 95) is **DENIED**.

Date:


cc: Defendant, *pro se*
 United States Attorney
4413.009